Filed 1/31/14  P. v. Kester CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073575 |
| v. | (Super. Ct. Nos. CM036549, CM037795) |
| DUSTIN MICHAEL KESTER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dustin Michael Kester asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Because defendant's cases were resolved by plea, our statement of facts is taken from the probation officer's report.

1

A Butte County Sheriff's deputy observed defendant driving a car in March 2012. Knowing that defendant was on parole, the deputy attempted to contact him but defendant sped away at approximately twice the posted speed limit. Defendant failed to stop at a stop sign, collided with a car containing two victims, spun out of control, struck a pedestrian, propelled debris onto another pedestrian, and came to rest in the front yard of a residence. Defendant fled through the residence and was found hiding at an apartment complex.

Approximately five months later, a Butte County Sheriff's deputy observed defendant and a female riding a motorcycle. The deputy attempted to contact defendant but defendant fled on the motorcycle at 60 miles per hour through a residential neighborhood and did not stop when the deputy attempted to make a traffic stop. After three minutes, the deputy ended the pursuit for reasons of public safety. Area residents identified defendant as the driver of the motorcycle.

In December 2012, a California Highway Patrol officer saw defendant driving a car with two passengers. Defendant crossed a double yellow line and then crossed over the far left side of the stop limit line of the opposing lane as he turned at an intersection. When the officer tried to stop defendant for a traffic violation, defendant fled at 60 miles per hour on residential surface streets. During the pursuit, defendant struck a posted warning sign, drove in the opposing lanes on Oro Dam Boulevard, accelerated to 90 miles per hour on Highway 70, ran three red lights, and drove through the valet parking area of a casino. When a tribal enforcement officer tried to block defendant's path, defendant lost control of the car and collided with a rock. Defendant fled but ultimately was detained.

Defendant entered a negotiated resolution of two superior court cases. In case No. CM036549, he pleaded no contest to leaving the scene of an injury accident without rendering aid and without providing required information. (Veh. Code, § 20001, subd. (a).) In case No. CM037795, he pleaded no contest to driving with willful or

2

wanton disregard for safety while eluding a pursuing peace officer (Veh. Code, § 2800.2, subd. (a)) and misdemeanor resisting a peace officer (Pen. Code, § 148, subd. (a)(1)). In exchange, three counts and a prior prison term enhancement (Pen. Code, § 667.5, subd. (b)) were dismissed with a *Harvey* waiver.[1]

The trial court denied defendant's request to be released to a residential drug treatment facility, sentenced him to prison for three years eight months and to jail for one year concurrent with the prison term, awarded 20 days of custody credit and 20 days of conduct credit, and ordered him to pay a $480 restitution fine (Pen. Code, § 1202.4), a $480 parole revocation fine (Pen. Code, § 1202.45), a $120 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)), and a $90 court facilities assessment (Gov. Code, § 70373). The trial court subsequently reviewed the award of presentence credit and confirmed its earlier order.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                             _____MAURO_____, J.

We concur:

_____BUTZ_____, Acting P. J.

_____HOCH_____, J.